## LEVI GLADFELDER *et al.*

*v.*

## T. JUDSON HALE.

1. EJECTMENT—*contract of sale no defense.* When a plaintiff in ejectment shows a legal title in himself, the defendant can not defeat a recovery by showing that the plaintiff had brought suit upon a note given to him by one who had contracted to purchase the land of him.

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of ejectment brought by T. Judson Hale against Levy Gladfelder and others, in the Knox Circuit Court to recover the S. E. 14. 12 N. 4 E. The facts not stated in the opinion are to be found reported in 52 Ill. 93.

Messrs. GARRISON, SANFORD & ANDERSON, for the appellants.

Mr. LEANDER DOUGLASS, for the appellee.

Per CURIAM : This case has been already before this court, and is reported in 52 Ills. 93, where the facts are stated and all the questions decided. It is there held that the plaintiff was entitled to recover, and the only new evidence offered on the last trial was the record of a suit brought by Hale against Snickard to recover the purchase money due on the contract of sale. It is said this was an affirmance of that contract, and takes from Hale the right to bring ejectment. We are utterly unable to see what bearing this evidence has upon that question. Hale proved the legal title in himself, and there was no connection between the defendants and Snickard. The judgment is in conformity with the opinion given when the case was here before, and is affirmed for the reasons then given.

*Judgment affirmed.*